In the Matter of the Accounting of GEORGE O. WALBRIDGE et al., as Executors of OLIN G. WALBRIDGE, Deceased.

FRANCIS E. WALBRIDGE, Appellant; GEORGE O. WALBRIDGE et al., as Executors, et al., Respondents.

**Will — construction and effect of provision that residuary legatees may purchase testator's property at prices fixed by executors.**

A testamentary provision that if any of the testator's residuary legatees "desire to purchase any of the personal property or real estate owned by me they may do so at its current market price at the time of my death, as valued by my executors and trustees," the same to be "charged against their respective shares or interests * * *, as money paid to them * * * in accordance with the provisions of this will," while of doubtful value, is entirely legal and the courts must give it effect. A residuary legatee is not entitled, however, to a conveyance of certain real estate at a price appraised by the executors for the purpose of determining the inheritance tax. He should have asked the executors to determine the value of the property as of the time of testator's death, and, if that valuation was satisfactory, demanded a sale to him at that price.

Under this provision, the rights of all legatees to purchase property owned by the testator are equal, and, until a sale is actually made to one, any of the others has the right to claim the same privilege. When several of them desire to purchase the property in question, the executors should determine its value as of the time of the testator's death, and convey it to such of the legatees as may elect to purchase it at that valuation. If more than one, then in equal proportions among those who so elect.

*Matter of Walbridge*, 136 App. Div. 895, affirmed.

(Argued March 15, 1910; decided April 5, 1910.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered December 10, 1909, which affirmed a decree of the Kings County Surrogate's Court settling the accounts of the executors, construing the will and directing distribution of the estate of Olin G. Walbridge, deceased.

The facts, so far as material, are stated in the opinion.

*Robert H. Wilson* for appellant. The words "current market price" are synonymous with and simply meant "present market value." (*3109 Cases of Champagne*, 23 Fed. Cas. 1168; *Sharpe* v. *United States*, 112 Fed. Rep. 893; *Lawrence* v. *City of Boston*, 119 Mass. 126; *Brown* v. *C. R. R. R. Co.*, 125 Ill. 600; *City of Santa Ana* v. *Harlin*, 99 Cal. 538; *Sanford* v. *Peck*, 63 Conn. 486; *Clicquot* v. *Champagne*, 70 U. S. 114; *Matter of Astor*, 6 Dem. 402; *Matter of Leavitt's Estate*, 4 N. Y. Supp. 179; *Matter of Bird's Estate*, 11 N. Y. Supp. 895.) There was no difficulty in ascertaining the "current market price" or "market value" of the decedent's real estate. (L. 1891, ch. 34; L. 1905, ch. 368, § 230; L. 1896, ch. 908, § 21.)

*William N. Dykman* and *David F. Manning* for executors, respondents. The claim of the appellant to take 407–409 Broadway for $260,000 was rightly denied by the surrogate. (*Le Gendre* v. *S. U. Ins. Co.*, 183 N. Y. 392; Wigmore on Ev. § 1640.)

*Franklin M. Tomlin* for Ernest A. Walbridge, respondent. The executors were right in refusing to accede to the demand of Francis E. Walbridge, to convey to him the premises Nos. 407–409 Broadway at the price of $260,000. (*Parmenter* v. *Fitzpatrick*, 135 N. Y. 196; *Sloan* v. *Baird*, 162 N. Y. 330; *Wheelan* v. *Lynch*, 60 N. Y. 469; *Clicquot* v. *Champagne*, 70 U. S. 114; *Moak* v. *Moak*, 8 App. Div. 198; *Catt* v. *Catt*, 118 App. Div. 744; *Leggett* v. *Stephens*, 185 N. Y. 76; *Matter of Donahue*, 109 App. Div. 158.)

*Francis L. Archer* for Charles C. Walbridge et al., respondents.

*Per Curiam.* The testator, a man of considerable wealth, left his residuary estate in eight shares to his children and the widow and children of a deceased child. By the ninth clause of his will he provided: "If any of the residuary legatees desire to purchase any of the personal property or real estate

owned by me they may do so at its current market price at
the time of my death, as valued by my executors and trustees,
the survivors or survivor of them, and the same shall be
charged against their respective shares or interests as money
paid to them by the executors and trustees, the survivors or
survivor of them in accordance with the provisions of this
will."

The practical utility of this provision seems very doubtful.
Similar provisions are not infrequently found in wills, but in
such cases the privilege accorded of taking part of the estate
at a valuation is limited to particular legatees or to a third
party, such as a surviving partner, on whom for some reason
the testator wishes to confer the privilege. But a general
privilege to all legatees to take a part of the estate at its value
at the time of the testator's decease, regardless of subsequent
changes in value, would seem to subserve no useful purpose.
If the property appreciated in value all the legatees would
naturally desire to avail themselves of the privilege. While
if it depreciated, none would wish it. The will directs the
conversion of all the real estate into personalty, and for that
purpose confers upon the executors the broadest powers of
sale. Therefore, if any particular legatee was desirous of
obtaining any property he could obtain it on a sale by the
executor if he were willing to pay more than others. But
whatever we may think of the practical value of this testa-
mentary direction it is entirely legal and we must give effect
to it.

Shortly after the death of the testator his executors, proba-
bly for the purpose of determining the inheritance tax, esti-
mated the value of a store at Broadway, in the city of New
York, at $260,000. Subsequently one of the legatees, the
appellant in this court, made his demand upon the executors
for the conveyance to him of that property, the price to be
charged to his share of the estate. This was refused. In
this proceeding, which is for an accounting by the executors,
he renewed his demand and asked the surrogate to decree
that the executors comply therewith. Thereupon the other

legatees also demanded that the executors transfer the property to them at that appraised price. The surrogate refused to grant the relief the appellant asks for, and his decree has been affirmed by the Appellate Division. The learned surrogate was of opinion that real estate could have no " current market value ; " that, therefore, the provision of the will, so far as it related to real estate, was, to a certain extent, inapplicable. We entertain a different opinion and think that real estate has a current market value the same as personal property, though it may be much more difficult of ascertainment. But this difference of view is of no importance. The learned surrogate held that the previous action of the executors in determining the value of the property at the testator's death was not conclusive, and that as the written demand of the appellant and his claim on the trial was that the executors should convey the property to him at the particular sum at which they had previously estimated its value, it should not be granted. In this conclusion (assuming that the surrogate had power in this proceeding to direct a conveyance, of which there may be doubt), we think the surrogate was correct. The appellant should have asked the executors to determine the value of the property as of the time of testator's death and, if that valuation was satisfactory, demanded a sale to him at that price.

The surrogate did not pass upon the claims of the other legatees to join in the purchase of the property, but the record presents the question and we should dispose of it and not remit the parties to further litigation. Under the testator's will there was not to be any race between the several legatees to see who first should claim the purchase of the property. The rights of all legatees were equal, and until a sale was actually made to one, under the provisions of the will, any of the others had the right to claim the same privilege. Therefore, the executors should now determine the value of the property as of the time of the testator's death and convey it to such of the legatees as may elect to purchase it at that valuation. If more than one, then in equal proportions among those who

so elect. The practical effect of this may not be very beneficial to any of the parties in interest. It may result in several legatees becoming tenants in common of the property and, if they are unable to agree, in a partition suit entailing large expense on all. Still, that is their affair. The legatees have, by virtue of the will, the right to avail themselves of the privilege granted to them if they choose.

The result of these views is that the order below will be affirmed, without costs in this court to any party, and without prejudice to such proceedings as any of the legatees may elect to enforce compliance with the ninth clause of the will.

CULLEN, Ch. J., HAIGHT, VANN, WERNER, WILLARD BARTLETT, HISCOCK and CHASE, JJ., concur.

Order affirmed, etc.